# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | |
|---|---|
| WE, THE PEOPLE, SAKIMA IBAN EL BEY, PREAMBLE CITIZEN OF THE UNITED STATES GOVERNMENT, NATIONAL OF THE UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>HENRY MCMASTER, TRACY MYERS[1]; ROBB MCBURNEY; JIM BOGLE; SOUTH CAROLINA BAR ASSOCIATION, AND THE SOUTH CAROLINA SUPREME COURT,<br><br>    Defendants. | Civil Action No. 3:07-2137-SB-BM<br><br>**REPORT AND RECOMMENDATION** |

    This action has been filed by the Plaintiff, pro se, pursuant to 18 U.S.C. §§ 1962-1968 (RICO). Plaintiff also asserts violations of the Sherman Anti-Trust Act, 15 U.S.C. § 1, et. seq, as well as the Fourth Amendment to the United States Constitution. In an amended Complaint filed November 27, 2007, Plaintiff added the South Carolina Supreme Court as a party Defendant in the case, in addition to the other originally named Defendants as reflected in the caption hereinabove.

    The Defendant South Carolina Bar Association filed a motion to dismiss on September 18, 2007. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on September 19, 2007, advising Plaintiff of the importance of a dispositive motion and of

---

[1] Correct spelling "Meyers". See Court Document No. 72, p.1, n. 2.



1

the need for him to file an adequate response. Thereafter, the Defendants McMaster, Myers, McBurney and Bogle filed their own motion to dismiss on October 5, 2007, following which a second Roseboro order was entered on October 10, 2007.

Plaintiff filed a "motion" to dismiss the Defendant South Carolina Bar Association's motion to dismiss on October 10, 2007, which was docketed as a response to the Bar's motion to dismiss. Plaintiff filed a similarly styled response to the other Defendants' motion to dismiss on October 22, 2007, to which those Defendants filed a reply memorandum on October 30, 2007. Plaintiff filed a reply to Defendants' reply on November 5, 2007.

On December 5, 2007, the newly added Defendant South Carolina Supreme Court filed a motion to dismiss. The other Defendants also filed motions to dismiss Plaintiff's amended Complaint on December 5, and December 6, 2007, respectively, following which another Roseboro order was entered on December 7, 2007. Plaintiff filed responsive memoranda on December 19 and December 20, 2007, following which reply memoranda were filed by the Defendants on December 21, 2007 and January 16, 2008. These motions are now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff alleges in his verified amended Complaint[3] that he is a member of the National Indigenous Bar Association, having received a law degree from the National Indigenous Trial and Procedure Academy. Plaintiff alleges that the Defendants have engaged in a "pattern of

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendants have filed motions to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3]Plaintiff's case is set forth in his Complaint in a rambling, confusing and convoluted manner. However, the crux of his claims (as best can be determined) are as set forth hereinabove.

2



racketeering activity, creating, establishing, monopolize all trade conspired to do so, and to wrongfully and unlawfully divert the right to contract from [Plaintiff] to make a living", apparently by prohibiting him from practicing law. Specifically, Plaintiff alleges that the Defendants did not allow him to appear as counsel in a case before South Carolina Circuit Judge Michelle Childs. Plaintiff alleges that this conduct violates RICO as well as the Sherman Anti-Trust Act.

Plaintiff further alleges that he was arrested in July 2007 on an invalid warrant based on his allegedly unauthorized practice of law, and that this illegal monopoly on the practice of law has been improperly sanctioned by the South Carolina Bar and the South Carolina Supreme Court. Plaintiff contends that his Fourth Amendment rights were violated through his unlawful arrest without a warrant or a crime having been committed. Plaintiff seeks monetary damages against the Defendants. See Verified Amended Complaint.

In support of dismissal of this case, the Defendants McMaster et. al., have submitted several exhibits and note that Plaintiff's claims relate to his prosecution for the unauthorized practice of law. Plaintiff's criminal charges arose out of his having presented himself as legal counsel in a civil proceeding, McMaster v. Capital Consortium Group, C/A No. 07-40-cp-3116, in which he was prohibited from appearing in the matter by Judge Childs. See These Defendants' Exhibits Nos. 3-6. A copy of Plaintiff's indictment on this charge is attached to these Defendants' motion as Exhibit 2, and Defendants represent to the Court that this criminal case is still pending in the Richland County Court of General Sessions.

In his responses to the Defendants' motions, Plaintiff has also submitted several exhibits, including copies of an arrest warrant charging him with the commission of the crime of practicing law without a license, copies of various "tender of payment" receipts, and various other

3



documents, including photocopies of American flags.

**Discussion**

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. v. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review of the arguments and materials filed with the Court, the undersigned finds and concludes that the Defendants' motions should be granted, and that this case should be dismissed.

**I.**

First, the Defendant South Carolina Supreme Court is an arm of the State of South Carolina, and as such has absolute immunity from suit in federal court under the Eleventh Amendment to the United States Constitution. Pennhurst State School & Hospital v. Halderman,

4



465 U.S. 89, 99 (1984); Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 71 (1989); Brooks-McCollum v. Delaware, 213 Fed.Appx.92, 94 (3rd Cir. 2007); Metz v. Supreme Court of Ohio, 46 Fed.Appx. 228, 236-237 (6th Cir. 2002); see also Coffin v. South Carolina Dep't of Social Services, 562 F.Supp. 579, 583-585 (D.S.C. 1983); Belcher v. South Carolina Board of Corrections, 460 F.Supp. 805, 808-809 (D.S.C. 1978).

Further, to the extent Plaintiff's claim could be considered to have been directed towards the individual members of the Supreme Court, it does not appear (at least as of yet) that they have played any role in either Plaintiff's prosecution or in the civil case referenced in the file. Even if they had, however, they would still be entitled to dismissal as party Defendants because they enjoy absolute judicial immunity from suit for any claims arising out of their conduct as judicial officers. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) [a suit by South Carolina inmate against two Virginia magistrates]; Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)["It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."]. See Siegert v. Gilley, 500 U.S. 226 (1991)[immunity presents a threshold question which should be resolved before discovery is even allowed]; see also McNeill v. Town of Paradise Valley, 44 Fed.Appx. 871 at *1 (9th Cir. 2002) [judicial immunity applies to claims under RICO ]; Julien v. Committee of Bar Examiners for Practice of Law, 923 F.Supp. 707, 713-716 (D.V.I. 1996) [absolute judicial immunity applies to claims under the Sherman Anti-Trust Act].

Further, to the extent Plaintiff's claim against the Supreme Court is based on any requirements or qualifications it has placed on the ability to practice law in South Carolina, this absolute immunity from suit includes actions taken with respect to qualifications for the practice of

5



law. *Cf*. <u>Sparks v. Character and Fitness Committee of Kentucky</u>, 859 F.2d 428 (6th Cir. 1988), <u>cert. denied</u>, 489 U.S. 1011; <u>Julien</u>, 923 F.Supp. 716, n. 6; <u>see</u> S.C.Const.Art.V, § 4; S.C.Code Ann. §§ 40-5-10, 40-5-20, as amended. Therefore, the South Carolina Supreme Court is entitled to dismissal as a party Defendant in this case.

**II.**

As for the Defendant South Carolina Bar Association, Plaintiff has failed to set forth any viable claim against this organization. It is the South Carolina Supreme Court, not the South Carolina Bar, that grants licenses to practice law in South Carolina. <u>See</u> Rules 402(g) and 410(d), S.C.A.R.C. Further, there is no basis on which this Court could conclude that this Defendant had control over the actions or conduct of the attorneys or the state circuit judge involved in Plaintiff's civil case, nor does the South Carolina Bar Association exercise any control over the activities or conduct of the Attorney General of South Carolina or his subordinates, or play any role in a prosecutor's decision as to whether to seek a criminal prosecution.

Additionally, to the extent that any individual member of the Bar could be found to have acted improperly in Plaintiff's cases, the power to discipline attorneys for improper conduct rests with the Supreme Court through the Commission on Lawyer Conduct and Disciplinary Council, not with the South Carolina Bar Association. <u>See</u> Rule 413, S.C.A.R.C. <u>See</u> also Rules for Lawyers Disciplinary Enforcement (RLDE), and S.C.Code Ann. § 40-5-310. Therefore, the South Carolina Bar Association is entitled to dismissal as a party Defendant in this case.

**III.**

With respect to the remaining Defendants, Henry McMaster is the Attorney General of South Carolina, while the Defendants Myers and Bogle are Assistant Attorneys General in that

6



office. As such, these Defendants have absolute immunity from suit for their prosecution related activities in, or connected with, judicial proceedings. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993*)* [Absolute immunity "...is available for conduct of prosecutors that is 'intimately associated with the judicial phase of the criminal process.'"] citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976). See also Burns v. Reed, 500 U.S. 478 (1991). While absolute immunity does not extend to a prosecutor's administrative or investigative activities; see Imbler, 424 U.S. at 431 n. 33; when performing administrative or investigative activities prosecutors acting in good faith are entitled to qualified immunity to the extent that the conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Buckley, 509 U.S. at 268 [quoting from Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)]; Compare Yarris v. County of Delaware, 465 F.3d 129, 139 (3d Cir. 2006) [actions taken after indictment: prosecutorial in nature] with Wrench Transp. Sys. v. Bradley, No. 05-3498, 2006 WL 3749594 (3d Cir., Dec. 21, 2006) [actions taken against defendant prior to arrest or indictment: investigatory in nature].

      In this Circuit, however, it is well settled that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," Lyles v. Sparks, 79 F.3d 372, 377(4th Cir. 1996). See also Springmen v. Williams, 122 F.3d 211, 212-13 (4th Cir. 1997). Further, Plaintiff's claim that these Defendants somehow violated his Fourth Amendment rights through an unlawful arrest without probable cause is also without merit, as the filing of an indictment in and of itself establishes probable cause. Kalina v. Fletcher, 522 U.S. 118, 129 (1997); *cf.* Law v. South Carolina Dep't of Corrections, 629 S.E.2d 642, 649 (S.C. 2006) ["South Carolina has long embraced the rule that a true bill of indictment is prima facie evidence of probable cause in an action for malicious prosecution."]; Jones v. City of Columbia, 389 S.E.2d 662, 663 (S.C.

7



1990) ["An action for false imprisonment cannot be maintained where one is arrested by lawful authority"].

The Defendant McBurney, as an investigator in McMaster's office, also enjoys immunity from suit for his activities relating to the investigation of Plaintiff's case and his subsequent prosecution. Joseph v. Shepherd, 211 Fed.Appx. 692, 697 (10th Cir. 1997) ["prosecutorial immunity extends to certain agents of the prosecutor when they are engaged in performing tasks that are inherently prosecutorial in nature"]; Pfeiffer v. Hartford Fire Ins.Co., 929 F.2d 1484, 1489 (10th Cir. 1991) ["it is...well established that...absolute prosecutorial immunity extends to...agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings"].

Additionally, to the extent Plaintiff's claim against these Defendants arises out of his not being certified or allowed to practice law in South Carolina, it has previously been noted that it is the South Carolina Supreme Court which controls that process. See Rules 402(g) and 410(d), S.C.A.R.C. Therefore, these individuals are entitled to dismissal as party Defendants in this case.

**IV.**

Finally, although Plaintiff has only asked for monetary damages in this case, to the extent he may also be seeking injunctive relief the Defendants correctly note that a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. In Younger v. Harris, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will

8



suffer irreparable injury if denied equitable relief. Younger v. Harris, 401 U.S. 37, 43-44 (1971). From Younger and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). See also Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975) [holding that Younger abstention must apply while state appellate judicial remedies are exhausted]; Nivens v. Gilchrist, 444 F.3d 237 (4th Cir. 2006).

The second criteria has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The Supreme Court also discussed the third criteria in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" Gilliam v. Foster, 75 F.3d at 904 [quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)]. Here, Plaintiff can raise his federal constitutional claims as well as claims with respect to any civil rulings concerning his ability to practice law in his pending state criminal case. Nivens, 444 F.3d at 237; Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987) [applying Younger to civil proceedings]; see also American Family Prepaid Legal Corp. v. Columbus Bar Association, No. 06-3758, 2007 WL 2011263 (6th Cir. 2007) [applying Younger abstention in the context of the unauthorized practice of law]; Bailey v. Columbus Bar Association, 25 Fed.Appx. 225, 227 (6th Cir. 2001) [Younger applies to investigation

9



into the unauthorized practice of law]. Therefore, even if Plaintiff had requested injunctive relief, this Court should abstain from considering this matter pursuant to Younger.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' pending motions to dismiss be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

February 20, 2008

10



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

11

