IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC

2008 APR 24  P 1: 01

| | |
|---|---|
| We, the People, Sakima Iban Salih El Bey, Preamble Citizen of the United States Government, National of the United States,<br><br>Plaintiff,<br><br>v.<br><br>Henry McMaster; Tracy Meyers; Robb McBurney; Jim Bogle; South Carolina Bar Association, and the South Carolina Supreme Court,<br><br>Defendants. | Civil Action No. 3:07-2137-SB-BM<br><br>**ORDER** |

This matter is before the Court upon the *pro se* Plaintiff's complaint alleging violations arising under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962-1968, and the Sherman Anti-Trust Act, 15 U.S.C. §§ 1-7. The record includes a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B). In the R&R, Magistrate Judge Bristow Marchant recommends that the Court grant the Defendants' motions to dismiss. The Plaintiff filed timely objections to the R&R, and the matter is ripe for review. See 28 U.S.C. § 636(b)(1) (stating that a party may object, in writing, to an R&R within ten days after being served with a copy of that report).

## BACKGROUND

The Plaintiff alleges that he received a law degree from the National Indigenous Trial and Procedure Academy and that he is a member of the National Indigenous Bar Association. In his verified amended complaint, the Plaintiff asserts that the Defendants

have violated RICO and the Sherman Anti-Trust Act by prohibiting him from practicing law and by conspiring to create a monopoly on the practice of law in this state. Specifically, in the case of Henry McMaster v. Capital Consortium Group, 07-40-CP-3116, Circuit Judge Michelle Childs prohibited the Plaintiff from representing Capital Consortium Group because the Plaintiff was not a licensed practitioner under South Carolina law. On June 22, 2007, the Plaintiff was indicted for the unauthorized practice of law pursuant to section 40-5-310 of the South Carolina Code. The Plaintiff asserts that he was arrested in July of 2007 on an invalid arrest warrant.

In response to the Plaintiff's complaint, the Defendant South Carolina Bar Association filed a motion to dismiss on September 18, 2007. Then, on October 5, 2007, Defendants McMaster, Myers, McBurney, and Bogle filed a motion to dismiss. Lastly, on December 5, 2007, the newly added Defendant South Carolina Supreme Court filed a motion to dismiss. The Plaintiff filed responses to all of the motions to dismiss and asked for dismissal of the motions to dismiss. On February 20, 2008, the Magistrate Judge filed his R&R, recommending that the Court grant the Defendants' motions to dismiss.

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id. After a review of the entire record, the R&R, and the Plaintiff's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court

adopts the R&R and incorporates it into this Order.

## DISCUSSION

In the R&R, the Magistrate Judge first concluded that the South Carolina Supreme Court, as an arm of the state of South Carolina, is entitled to absolute immunity under the Eleventh Amendment. Then the Magistrate Judge found that each individual member of the South Carolina Supreme Court is entitled to absolute immunity from claims that arise out of their conduct as judicial officers. With respect to the South Carolina Bar Association, the Magistrate Judge found that the Plaintiff failed to state a legitimate claim against this Defendant because the South Carolina Supreme Court, not the South Carolina Bar, awards licences to practice law in this state. Next, the Magistrate Judge determined that Defendant McMaster is entitled to absolute immunity for his role as the Attorney General and prosecutor in the Plaintiff's case. Likewise, the Magistrate Judge granted immunity to Defendants Myers and Bogle for their role as assistant attorneys to Defendant McMaster and to Defendant McBurney for his role as an investigator in the Plaintiff's prosecution. Lastly, the Magistrate Judge concluded that the Plaintiff's arrest was based on a valid warrant. In so concluding, the Magistrate Judge noted that a true bill of indictment constitutes the necessary probable cause to effect an arrest.



The Plaintiff filed written objections to the R&R; however, after a careful review of the Plaintiff's objections, the Court finds them too be wholly without merit. Indeed, the Court finds the Plaintiff's objections to be both delusional and nonsensical.[1] Most

---

[1] For example, the Plaintiff asserts:

Petitioner is not a colored person with any citizenship labeled "14th Amendment subject citizen". 1883 Civil Rights cases that were

importantly, however, the Court finds that the Plaintiff has failed to point to any legal or factual error in the Magistrate Judge's report sufficient to alter the Magistrate Judge's recommendation. Therefore, the Court overrules the Plaintiff's objections.

### CONCLUSION

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein; the Plaintiff's objections are overruled; the Defendants' motions to dismiss are granted; any remaining motions are denied as moot; and this matter is ended.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

April 24, 2008
Charleston, South Carolina

---

conglomerated were extend to 'blacks' only that offered benefits & privileges to them only. Thus the next year, congress fixed the mistake- 1884, and included "persons born or naturalized" - "Natural-Born Citizens subject to the jurisdiction thereof"; 'Naturalized' persons, foreign to the United States. Therefore, becoming "colored" from being labeled 'Negros', or 'Alien' - Negro in Latin means "one fallen in battle". . . . Also at that time they were called "colored" not because of skin pigmentation but, political status as having the appearance of being a Citizen or Preamble Citizen; colored citizenship. That is the jurisdiction that Mr. Marchant belongs to 14th amendment status and can not make any ruling against or have dismissed for "want of jurisdiction" or "absence of jurisdiction" against petitioner. [sic]

(Plaintiff's Obj. at 1-2.)

4